United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 04-20766
Summary Calendar

———————————————

THOMAS JOHN,

Plaintiff-Appellant,

versus

SERAMPORE INDUSTRIES PRIVATE LTD.;
SERAMPORE INDUSTRIES PRIVATE LTD., INC.,

Defendants-Appellees.

—————————————————————————————

Appeals from the United States District Court for
the Southern District of Texas
(USDC No. 4:03-CV-4398)

—————————————————————————————

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

    We affirm for the following reasons.

    1.  Res judicata bars claims that were or could have been brought in the state

proceedings.  All of appellant John's state claims are either for stock benefits or

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

severance pay which could have been brought in the state administrative action before the Texas Workforce Commission. These alleged benefits would fall under the broad definition of wages subject to the jurisdiction of the Commission. Wages under the Payday Law include severance benefits as well as compensation for "labor or services rendered by an employee, whether computed on a time, task, piece, commission, or other basis." TEX. LAB. CODE ANN. § 61.001(7) (Vernon 1996). Proceedings before the Commission under the Payday Law are subject to the doctrine of res judicata. Igal v. Brightstar Info. Tech. Group, Inc., 140 S.W.3d 820, 825 (Tex. App.–Eastland 2004, writ filed).

2. We agree with appellees that for purposes of res judicata Serampore-India was in privity with Serampore-USA.

3. Even if we are mistaken as to the scope of the Commission's jurisdiction, we agree with appellees that all of John's claims could have been brought in the suit filed in state district court, seeking judicial review of the Commission decision. All the claims arise out the same nucleus of operative facts and are therefore barred by res judicata.

4. As we understand John's brief, he argues that res judicata does not apply because the state tribunals lacked jurisdiction over his claims, as his claims for benefits are exclusively federal by virtue of ERISA preemption. We agree with the district court that John's claims are not covered by ERISA because they relate to benefits allegedly due to a single employee under a unique employment contract, rather than benefits under an employee benefit plan applicable to a class of beneficiaries. See Mem'l Hosp. Sys. v.

2

Northbrook Life Ins. Co., 904 F.2d 236, 240 (5th Cir. 1990).  Res judicata aside, the inapplicability of  ERISA also means that John's federal claims in the pending suit fail on the merits.

AFFIRMED.